**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARRY STEVEN WILKINS; JANE B. STANTON, *Plaintiffs-Appellants*, v. UNITED STATES OF AMERICA, *Defendant-Appellee.* | No. 20-35745 D.C. No. 9:18-cv-00147-DLC OPINION |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Argued and Submitted August 11, 2021
Seattle, Washington

Filed September 15, 2021

Before: David M. Ebel,* Daniel A. Bress, and
Lawrence VanDyke, Circuit Judges.

Opinion by Judge VanDyke

---

*The Honorable David M. Ebel, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

## SUMMARY[**]

### Quiet Title Act

The panel affirmed the district court's dismissal for lack of subject-matter jurisdiction of a Quiet Title Act ("QTA") action brought by appellants against the United States seeking to confirm that an easement for Robbins Gulch Road near Connor, Montana, granted to appellants' predecessors-in-interest, did not permit public use of the road, and to enforce the government's obligations to patrol and maintain the road against unrestricted public use.

The district court granted the government's motion to dismiss based on the district court lacking subject-matter jurisdiction because the QTA's statute of limitations was jurisdictional and had expired.

The panel held that the district court did not err in determining that the QTA's statute of limitations was jurisdictional.  Prior Supreme Court and Ninth Circuit precedent declaring the QTA's statute of limitations jurisdictional was dispositive here, even though for other statutes the Supreme Court recently set forth a seemingly different framework for assessing whether a statute of limitations was jurisdictional.  The panel concluded that the district court did not err in granting the government's Fed. R. Civ. P. 12(b)(1) motion to dismiss on those grounds.

---

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

The panel held that the question of when appellants' claims accrued was not so intertwined with the merits as to make dismissal improper. Here, the question of whether the court has jurisdiction to hear this case was not dependent on resolving the underlying merits. The panel held further that appellants' argument – that the jurisdictional and merits questions were intermeshed because the same evidence was relevant to both – had no merit.

The panel concurrently filed a memorandum disposition addressing appellants' remaining arguments.

## COUNSEL

Jeffrey W. McCoy (argued) and Damien M. Schiff, Pacific Legal Foundation, Sacramento, California; Ethan Blevins, Pacific Legal Foundation, Bountiful, Utah; James M. Manley, Pacific Legal Foundation, Phoenix, Arizona; for Plaintiffs-Appellants.

Kevin W. McArdle (argued) Mark Steger Smith, John M. Newman, and John L. Smeltzer, Attorneys; Jean E. Williams, Acting Assistant Attorney General; Environment and Natural Resources Division, United States Department of Justice, Washington, D.C.; Babak Rastgoufard, Attorney, Office of the General Counsel, United States Department of Agriculture, Washington, D.C.; for Defendant-Appellee.

**OPINION**

VANDYKE, Circuit Judge:

Appellants Larry Wilkins and Jane Stanton live along Robbins Gulch Road near Connor, Montana. The road runs between Highway 93 and the Bitterroot National Forest, crossing private property for approximately one mile. Appellants acquired their properties in 1991 and 2004, respectively, and their predecessors-in-interest had previously granted the United States an easement for Robbins Gulch Road in 1962. In August 2018, Appellants sued the United States under the Quiet Title Act (QTA), 28 U.S.C. § 2409a, to confirm that the easement does not permit public use of the road and to enforce the government's obligations to patrol and maintain the road against unrestricted public use. The government moved to dismiss, arguing that the district court lacked subject-matter jurisdiction because the QTA's statute of limitations is jurisdictional and had expired. The district court granted the motion to dismiss and later denied Appellants' motion to alter or amend the judgment under Rule 59(e).

On appeal, Appellants contend that the district court erred in determining that (1) the QTA's statute of limitations is jurisdictional; (2) the question of when Appellants' claims accrued was not so intertwined with the merits to make dismissal improper; (3) all of Appellants' claims accrued at the same time; and (4) the claims were untimely.

With respect to Appellants' first argument, we reaffirm that the QTA's statute of limitations is jurisdictional. Prior Supreme Court and Ninth Circuit precedent declaring the QTA's statute of limitations jurisdictional is dispositive here. These clear and direct holdings still control, even though for other statutes the Supreme Court has more

recently set forth a seemingly different framework for assessing whether a statute of limitations is jurisdictional. Regarding Appellants' second argument, the jurisdictional question and the merits question are not so intertwined that dismissal was improper because the determination of jurisdiction is not dependent on the merits of Appellants' claims. Finally, we reject Appellants' third and fourth arguments, which are addressed in a separate memorandum disposition filed simultaneously with this opinion.[1]

With jurisdiction under 28 U.S.C. § 1291, we affirm the district court's dismissal for lack of subject-matter jurisdiction.

## STANDARD OF REVIEW

We review de novo the district court's decision to dismiss for lack of subject-matter jurisdiction. *United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121, 1126 (9th Cir. 2015) (en banc). "Where the district court relied on findings of fact to draw its conclusions about subject-matter jurisdiction, we review those factual findings for clear error." *Id.* at 1126–27. Additionally, "[w]hen the accrual of the statute of limitations in part turns on what a reasonable person should have known, we review . . . for clear error." *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008) (citation and internal quotation marks omitted).

---

[1] The memorandum disposition concludes that Appellants' claims (all of which were premised on the public's alleged unauthorized use of the road) accrued more than twelve years before Appellants initiated this lawsuit, and were thus time-barred under the QTA's statute of limitations.

**DISCUSSION**

### A. The Quiet Title Act's Statute of Limitations is Jurisdictional.

Appellants first contend that the district court improperly dismissed this case for lack of subject-matter jurisdiction on the basis that the QTA's statute of limitations is jurisdictional. Appellants claim that the "Supreme Court has never previously considered whether the [QTA's] statute of limitations is jurisdictional," and therefore, the Court's reasoning in *United States v. Kwai Fun Wong*, 575 U.S. 402, 409 (2015)—that absent a clear statement from Congress, courts should treat a statute of limitations as non-jurisdictional—applies here. While Appellants acknowledge that Ninth Circuit precedent has held the QTA's statute of limitations is jurisdictional, they assert that these decisions were issued before *Wong* and are clearly irreconcilable with *Wong*'s reasoning, thereby requiring abrogation under *Miller v. Gammie*, 335 F.3d 889 (9th Cir. 2003) (en banc).

Appellants' arguments fail for multiple reasons. The Supreme Court, in assessing whether a State was subject to the QTA's statute of limitations provision, has explicitly stated that if the State's suit was barred by the QTA's statute of limitations, "the courts below had *no jurisdiction* to inquire into the merits." *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 292 (1983) (emphasis added). This court has repeatedly interpreted *Block* as holding that the QTA's statute of limitations is jurisdictional. *See, e.g.*, *Kingman*, 541 F.3d at 1195–96 (citing *Block* for the conclusion that "[t]he running of the twelve-year limitations period deprives the federal courts of jurisdiction to inquire into the merits of an action brought under the QTA" and acknowledging that this court must follow *Block*

as controlling precedent in the absence of a Supreme Court decision overruling it) (internal quotation marks omitted); *Fid. Expl. & Prod. Co. v. United States*, 506 F.3d 1182, 1186 (9th Cir. 2007) (explaining that because "we must follow the Supreme Court precedent that directly controls [referring to *Block*,] . . . . we treat the statute of limitations in the QTA as jurisdictional"); *Skranak v. Castenada*, 425 F.3d 1213, 1216 (9th Cir. 2005) ("If the statute of limitations has run on a waiver of sovereign immunity, [referring to the QTA,] federal courts lack jurisdiction." (citing *Block*)); *Adams v. United States*, 255 F.3d 787, 796 (9th Cir. 2001) (asserting that "if an action is barred by the statute of limitations of the Quiet Title Act, 'the courts below [have] no jurisdiction to inquire into the merits'" (quoting *Block*)).

Although these cases did precede the Supreme Court's decision in *Wong*, they are not "clearly irreconcilable" with *Wong*'s analysis. *See Miller*, 335 F.3d at 893 (explaining "where the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority, a three-judge panel should consider itself bound by the later and controlling authority").

The Supreme Court in *Wong* addressed whether the statute of limitations in the Federal Tort Claims Act was subject to equitable tolling. 575 U.S. at 405. The Court concluded that it was, rejecting the government's argument that equitable tolling was unavailable because the statute of limitations was jurisdictional. *Id*. The *Wong* Court relied heavily on its prior analysis in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990) to reach its result.[2] This reliance

---

[2] *Wong* assessed whether *Irwin*'s "rebuttable presumption of equitable tolling" was rebutted by the government's jurisdictional argument, 575 U.S. at 407–08 (quoting *Irwin*, 498 U.S. at 95–96);

is important because although this court has yet to address whether *Block* is still good law in light of *Wong*, it has—on multiple occasions—rejected the argument that *Block* is no longer good law in light of *Irwin*, and instead has continued to treat *Block* as binding and the QTA's statute of limitations as jurisdictional. *See, e.g.*, *Kingman*, 541 F.3d at 1196 (rejecting appellant's contention "that *Block*'s jurisdictional ruling has been superceded by subsequent decisions of the Supreme Court," including *Irwin*); *Fidelity Expl. & Prod. Co. v. United States*, 506 F.3d 1182, 1186 (9th Cir. 2007) (rejecting the argument "that *Block* is no longer good law given the Court's later decision in *Irwin*"). If prior Ninth Circuit precedent was not "clearly irreconcilable" with the reasoning of *Irwin*, that same precedent is not "clearly irreconcilable" with the reasoning of *Wong*, which has significant analytical overlap with *Irwin*.

Furthermore, just like this court has reasoned with respect to *Irwin*, *Wong* "never purported to overrule *Block*." *Fidelity*, 506 F.3d at 1186; *see generally Wong*, 575 U.S. 402 (no mention of *Block* or the QTA). *Wong* also never purported to overrule *United States v. Beggerly*, where the Supreme Court determined that the QTA's statute of limitations is not subject to equitable tolling, citing *Irwin* in support of its conclusion. 524 U.S. 38, 48–49 (1998); *see generally Wong*, 575 U.S. 402 (no mention of *Beggerly*).

---

applied the reasoning in *Irwin* to reject the government's statutory language argument, *id*. at 415–16; and analyzed how *Irwin* foreclosed the government's argument that Congress understood all statutes of limitations involving suits against the government to be jurisdictional at the time, *id*. at 417–18. The *Wong* Court concluded: "Our precedents make this a clear-cut case. *Irwin* requires an affirmative indication from Congress that it intends to preclude equitable tolling in a suit against the Government." *Id*. at 420 (citing *Irwin*, 498 U.S. at 95–96).

In fact, when faced with prior precedent in *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130 (2008), applying seemingly inconsistent reasoning from that in *Wong*, the *Wong* Court explicitly declined to overrule that precedent (which had declared the Tucker Act's statute of limitations as jurisdictional) on stare decisis grounds. *See Wong*, 575 U.S. at 416. The Court's express preservation of its Tucker Act precedent in *Wong* indicates that *Wong* should not be read as blanketly overturning all prior Court decisions treating a statute of limitations as jurisdictional, including *Block* and *Beggerly*. There is some tension between *Wong*'s reasoning and the analysis underlying Ninth Circuit precedent interpreting the jurisdictional nature of the QTA's statute of limitations. *Compare Wong*, 575 U.S. at 418 (explaining the Court in *Irwin* "declined to count time bars as jurisdictional merely because they condition waivers of [sovereign] immunity") *with Skranak*, 425 F.3d at 1216 (asserting "[i]f the statute of limitations has run on a waiver of sovereign immunity, federal courts lack jurisdiction"). But mere tension does not necessarily rise to the level of "clearly irreconcilable," particularly where that same tension has been recognized by the Supreme Court and permitted. *See Miller*, 335 F.3d at 893. Because "we must follow the Supreme Court precedent that directly controls, leaving to the Court the prerogative of overruling its own prior decisions," *Fidelity*, 506 F.3d at 1186, we are still bound by the conclusion in *Block*—as interpreted by many Ninth Circuit decisions—that the QTA's statute of limitations is jurisdictional. Therefore, the district court did not err in granting the government's Rule 12(b)(1) motion to dismiss on those grounds.

**B.  The Jurisdictional Question is Not So Intertwined with the Merits as to Prevent Dismissal.**

Appellants next assert that the district court erred in its determination that the statute of limitations question is not so intertwined with the merits of the case as to make dismissal improper.  They argue that the jurisdictional question is inextricably intertwined with the merits because the QTA "provides the basis for both the court's subject matter jurisdiction and the substantive claim for relief, and the same evidence is relevant to resolving both questions." These contentions, however, are insufficient to show that the issues are inextricably intertwined.

In a Rule 12(b)(1) motion to dismiss, a district court may generally "resolve disputed factual issues bearing upon subject matter jurisdiction . . . unless 'the jurisdictional issue and the substantive issues are so intermeshed that the question of jurisdiction is dependent on decision of the merits.'" *Kingman*, 541 F.3d at 1196–97 (citation omitted). "Such an intertwining of jurisdiction and merits *may* occur when a party's right to recovery rests upon the interpretation of a federal statute that provides both the basis for the court's subject matter jurisdiction and the plaintiff's claim for relief." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1094 (9th Cir. 2008) (emphasis added).  Where the questions are "so intermeshed," dismissal is improper. *Kingman*, 541 F.3d at 1196–97 (citation omitted).

But here the question of whether the court has jurisdiction to hear this case is not dependent on resolving the underlying merits.  In rejecting the argument that the statute of limitations issue and the merits were intermeshed with respect to a QTA claim, the *Kingman* court itself reasoned: "the crucial issue in the statute of limitations

inquiry is whether the plaintiff had notice of the federal claim, not whether the claim itself is valid." *Id*. at 1197 (citation and internal alteration marks omitted). Here, the district court similarly explained that the merits and jurisdictional "questions are different because the latter [jurisdictional question] does not require the Forest Service to be correct—it only requires the Court to determine when a reasonable person would have understood that the Forest Service believed its easement granted public access." We agree. Even assuming the two questions have some overlap, they are not so intermeshed that dismissal was improper.

Appellants' additional argument that the jurisdictional and merits questions are intermeshed because the same evidence is relevant to both has no merit. As noted above, the proper inquiry is whether the "question of jurisdiction is *dependent* on decision of the merits," *Kingman*, 541 F.3d at 1197 (emphasis added) (citation omitted), not whether there is overlapping evidence. Here, the jurisdictional issues are not dependent on the merits of Appellants' claims. Therefore, the district court did not err in determining that the jurisdictional and merits questions were not so inextricably intertwined that dismissal on Rule 12(b)(1) grounds would be improper.

## CONCLUSION

For the reasons expressed herein and in the accompanying memorandum disposition, the government's motion to dismiss was properly granted. Accordingly, the judgment of the district court is **AFFIRMED**.