NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 16 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SAWTOOTH MOUNTAIN RANCH, LLC;
LYNN ARNONE; DAVID BOREN,

Plaintiffs-Appellants,

v.

UNITED STATES FOREST SERVICE;
SAWTOOTH NATIONAL FOREST; JIM
DEMAAGD, Forest Supervisor;
SAWTOOTH NATIONAL RECREATION
AREA; KIRK FLANNIGAN, Area Ranger;
UNITED STATES DEPARTMENT OF
AGRICULTURE; THOMAS J. VILSACK,
Secretary of Agriculture; FEDERAL
HIGHWAY ADMINISTRATION; UNITED
STATES OF AMERICA,

Defendants-Appellees.

No. 22-35324

D.C. No. 1:19-cv-00118-CWD

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
Candy W. Dale, Magistrate Judge, Presiding

Argued and Submitted October 5, 2023
Seattle, Washington

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  WARDLAW and M. SMITH, Circuit Judges, and HINKLE,** District Judge.

Sawtooth Mountain Ranch, LLC, Lynn Arnone, and David Boren (collectively, the "Ranch") appeal the district court's order granting summary judgment in favor of the Defendants (hereafter, the "USFS").  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      The Ranch's claims brought under the Quiet Title Act ("QTA") are untimely under the QTA's twelve-year statute of limitations.  28 U.S.C. § 2409a(g).  A quiet title claim filed under the QTA accrues when the plaintiff or its predecessors-in-interest "knew or should have known of the claim of the United States."  *Id.*  Although the QTA's statute of limitations is nonjurisdictional, it must be enforced when properly raised as an affirmative defense.  *See Wilkins v. United States*, 598 U.S. 152 (2023); *United States v. Beggerly*, 524 U.S. 38, 49 (1998).  Although the USFS did not previously raise the statute of limitations as a defense to the Ranch's two QTA claims now on appeal, it was clearly established in our Circuit prior to the Supreme Court's decision in *Wilkins* that the QTA's statute of limitations is jurisdictional and cannot be waived. *See Wilkins v. United States*, 13 F.4th 791, 794–95 (9th Cir. 2021), *rev'd*, 598 U.S.

---

**      The Honorable Robert L. Hinkle, United States District Judge for the Northern District of Florida, sitting by designation.

2

152 (2023). Because the district court *sua sponte* ordered the parties to brief the statute of limitations issue, the USFS has properly preserved its arguments that the Ranch's QTA claims are time-barred. We therefore find that the USFS has not waived its now-affirmative defense.

2. Reviewing the district court's dismissal of the Ranch's QTA claims on statute of limitations grounds *de novo*, we find ample, undisputed evidence in the record that, as early as *2005*, the Ranch's predecessors-in-interest ("the Pivas" or "the Piva family") had actual notice of both the USFS's claimed interest in the trail easement and the USFS's intent to construct a trail for public use across the easement. *See Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1005 (9th Cir. 2011); *cf. Michel v. United States*, 65 F.3d 130, 132 (9th Cir. 1995) (noting that in QTA disputes over easement access, actual or constructive knowledge of government action inconsistent with the easement, as opposed to mere awareness of a claimed government interest, may be required to start the running of the statute of limitations).

In May of 2005, the Pivas executed a Conservation Easement Deed with the USFS. Among other provisions, the Deed granted the government "the right to permit public use of . . . [a] strip of land to be utilized as a trail" (the "trail easement") along a far-eastern portion of the ranch property. According to a letter

3

written by Robert Piva to the USFS in June 2005[1] and an email written by Piva to the USFS in 2014, "Piva ranch owners" met with representatives of the USFS "on site of the proposed trail" shortly after the Conservation Easement Deed was executed to discuss the USFS's "proposed trail" across the easement. Piva's letter recounts that certain Piva family members had concerns with the USFS's "trail proposal as it [then] existed," "if put into use in the future." Almost a decade later, Piva wrote that, since the meeting between the Pivas and the USFS on the ranch property, "nothing of substance in the [USFS's] *proposed trail plan* ha[d] changed." (Emphasis added).

The Ranch does not dispute the authenticity of Piva's letters nor their factual content, and the Ranch has not addressed the letters in its briefing below or on appeal other than to confirm that Piva's correspondence provides "evidence" of the "Piva Family's knowledge . . . at the time the Deed was granted." Although there is not direct evidence of Piva's ownership interest in the ranch property in 2005, there is circumstantial evidence that he attended the meeting and the undisputed content of his letters substantiates that "Piva ranch owners" as early as 2005 had actual knowledge of the government's "proposal" to install a "trail system" along the easement.

---

[1] The district court found that Piva's letter was likely written in June 2005. The parties do not dispute that the undated letter was written at that time, and the Ranch does not assert that the district court's factual finding was clearly erroneous.

4

Additional undisputed evidence in the record substantiates, in the alternative, that a reasonable landowner would have known as early as 2005 of the government's intent to construct a trail akin to the one that the USFS ultimately proposed and the Ranch now challenges. *See Shultz v. Dep't of Army*, 886 F.2d 1157, 1160 (9th Cir. 1989). The Ranch has argued, and the parties do not dispute, that no "visible" trail existed along the easement, at least during spring, summer, and fall months, prior to the execution of the 2005 Deed. Nor do the parties dispute that the 30-foot-wide trail easement crosses wetland areas. Given the wetland areas, a reasonable landowner would have recognized the need to construct at least some graded pathway to facilitate the public uses of the trail contemplated within the Deed, including foot travel, biking, horseback riding, and snowmobiling.

In combination, the lack of a visible trail and the existence of wetlands along the easement would have put a reasonable landowner on notice of the government's need to construct at least some partially graded and compacted trail surface along the "strip of land to be utilized as a trail" as early as 2005. The Ranch's QTA claims, filed in 2019, go to both the construction and nature of the trail, and therefore fall outside of the QTA's limitations period. *See Block v. North Dakota*, 461 U.S. 273, 287 (1983) (noting that, as a limitation on the government's waiver of sovereign immunity, the QTA's statute of limitations "must be strictly

5

observed").[2]

3.    The district court correctly concluded that the statute of limitations period is not tolled.  The Supreme Court has held that "[e]quitable tolling of the already generous statute of limitations incorporated in the QTA . . . is incompatible with the Act."  *Beggerly*, 524 U.S. at 49.  In *Wilkins*, the Court cited to *Beggerly*'s "nonjurisdictional reasons why tolling specifically [is] unavailable" under the QTA as support for the Court's holding that the QTA's statute of limitations is nonjurisdictional.  598 U.S. at 164 (describing *Beggerly*'s "careful analysis of whether the text and context [of § 2409a(g)] were consistent with equitable tolling").  Because equitable tolling is unavailable under the QTA, the district court correctly concluded that the limitations period is not tolled.

4.    Finally, the Ranch argues for the first time on appeal that it would violate the Fifth Amendment's Takings Clause to enforce the QTA's statute of limitations against it.  We decline to reach this issue, which is both forfeited and unripe.  *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (noting that we adhere to "the general rule that the court will not consider an issue raised for the

---

[2] Although the district court dismissed the Ranch's QTA claims and granted summary judgment for the USFS based on its since-corrected view that the QTA's statute of limitations was jurisdictional, we "may affirm on any ground supported by the record."  *Lima v. U.S. Dep't of Educ.*, 947 F.3d 1122, 1125 (9th Cir. 2020); *cf. Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 254 (2010) (noting that remand is not appropriate where "remand would only require a new Rule 12(b)(6) label for the same Rule 12(b)(1) conclusion").

6

first time on appeal"). The Ranch's QTA action seeks only declaratory and injunctive, not monetary, relief. And even if the Ranch obtained a judgment against the United States, there is no guarantee the government would "elect" to retain its interest in the trail easement upon payment of compensation, as opposed to relinquishing its challenged interest altogether. *See* 28 U.S.C. § 2409a(b).

**AFFIRMED.**