**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CHARLES STEPHAN LIMA,
*Plaintiff-Appellant*,

v.

UNITED STATES DEPARTMENT
OF EDUCATION,
*Defendant*,

and

EDUCATIONAL CREDIT
MANAGEMENT CORPORATION,
*Defendant-Appellee*.

No. 17-16299

D.C. No.
1:15-cv-00242-KSC

ORDER AND
AMENDED OPINION

Appeal from the United States District Court
for the District of Hawaii
Kevin S. Chang, Magistrate Judge, Presiding

Argued and Submitted October 22, 2019
Honolulu, Hawaii

Filed December 18, 2019
Amended January 13, 2020

Before:  Susan P. Graber, Milan D. Smith, Jr., and
Paul J. Watford, Circuit Judges.

Order;
Opinion by Judge Graber

## SUMMARY[*]

### Debt Collection

The panel affirmed the district court's summary judgment in favor of the defendant on claims under the Fair Debt Collection Practices Act and the Due Process Clause.

Defendant, a nonprofit guaranty agency, caused an offset against plaintiff's Social Security benefits, to recover on a judgment it had obtained by assignment after plaintiff defaulted on his student loans.  Under the Higher Education Act, student loans are guaranteed by guaranty agencies, which receive guarantees from the United States.

The panel held that, under the FDCPA's definition of a debt collector, defendant regularly collected or attempted to collect debts asserted to be owed or due another.  Defendant was not collecting a debt for its own account, but rather was collecting a debt for the United States.  Nonetheless, defendant fulfilled the criteria of the fiduciary exception because it had a broader fiduciary role with respect to plaintiff's debt than merely collecting the debt, and its

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

collection activity was incidental to its fiduciary obligation to the Department of Education.  Accordingly, defendant was not a debt collector under the FDCPA.

Assuming without deciding that defendant was a state actor, the panel held that defendant did not violate plaintiff's procedural due process rights because it provided plaintiff with notice of the debt, of defendant's intention to seek a Treasury offset against plaintiff's Social Security benefits, and of the means by which plaintiff could respond.

## COUNSEL

Amani S. Floyd (argued) and George C. Harris, Morrison & Foerster LLP, San Francisco, California, for Plaintiff-Appellant.

Troy A. Gunderman (argued), ECMC Shared Services Comp., LLC, Minneapolis, Minnesota; Theodore D. C. Young, Cades Schutte LLP, Honolulu, Hawaii; for Defendant-Appellee.

**ORDER**

The opinion filed on December 18, 2019, and published at 2019 WL 6885506, is amended by the opinion filed concurrently with this order.

With these amendments, Appellant's petition for rehearing is DENIED.   No further petitions for panel rehearing or rehearing en banc may be filed.

**OPINION**

GRABER, Circuit Judge:

Defendant Education Management Credit Corporation caused an offset against Plaintiff Charles Lima's Social Security benefits, to recover on a judgment obtained after Plaintiff defaulted on his student loans.  Plaintiff filed a civil action  alleging, among other things, violations of the Fair Debt Collection Practices Act and the Fifth Amendment's Due Process Clause.  The district court granted summary judgment to Defendant.  We affirm.

BACKGROUND

A.  *Statutory Framework*

The Higher Education Act of 1965 ("Act") established the Federal Family Education Loan Program ("Loan Program"), which the Department of Education ("DOE") administers. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1030 (9th

Cir. 2009). Under the Act, lenders provide loans to students or their parents to help finance higher education. Typically, those loans are guaranteed by guaranty agencies, which are "[s]tate or private nonprofit organization[s]" that have agreements with the Secretary of Education to administer the Loan Program. 34 C.F.R. §§ 682.200, 682.401(a). Those agencies, in turn, receive guarantees from the United States. Guaranty agencies, therefore, operate as intermediaries between the student-loan lender and the United States. *Rowe*, 559 F.3d at 1030.

If a borrower defaults on a student loan, the lender must try to obtain repayment from the borrower. If the lender is unsuccessful, it can file a claim with the guaranty agency and be repaid the outstanding balance of the loan. In that situation, the guaranty agency is assigned the loan from the lender. The guaranty agency, in turn, is repaid by the DOE in exchange for undertaking "due diligence" activities to attempt to collect the debt from the borrower. *Id.* Those "due diligence" activities include "locating the defaulting borrower, offsetting federal and state tax refunds . . ., initiating administrative garnishment proceedings . . ., and filing suit against the borrower." *Id.* (citing 34 C.F.R. § 682.410(b)(6)(i)–(iv)).

### B. *Factual Background*

Plaintiff obtained three student loans, totaling $8,500, in the 1970s. The New York State Higher Education Services Corporation ("New York Corporation") acted as guarantor for those loans under the Act. Plaintiff defaulted on the loans in 1980. In 1991, New York Corporation obtained a judgment

against Plaintiff for approximately $14,000, representing both principal and interest.

Defendant is a nonprofit guaranty agency under the Act. In 2008, the DOE and Defendant agreed that Defendant would take assignment of certain Loan Program accounts in which judgments had been obtained by other guaranty agencies.

Pursuant to that agreement, New York Corporation assigned its judgment against Plaintiff to Defendant in 2009.[1] Through that assignment, Defendant assumed all right, title, and interest in the judgment, and Defendant became obligated to satisfy any guaranty responsibilities remaining on the underlying debt.  In August 2009, Defendant notified Plaintiff, by mail, that the DOE held a claim against him, which it intended to collect by having the United States Department of the Treasury ("Treasury") offset "all payment streams authorized by law," including his Social Security benefits.  Plaintiff did not respond.

In August 2012, Treasury began offsetting Plaintiff's Social Security benefits by about $200 per month.  Plaintiff then contacted Defendant and asserted that he did not receive the 2009 letter and that the debt already had been satisfied.

---

[1]  Plaintiff alleges and argues that such an assignment did not occur, but the present record contains no supporting evidence to contradict the evidence introduced by Defendant.

Between August 2012 and June 2015, Treasury garnished approximately $6,900 from Plaintiff's Social Security benefits.

In 2015, Plaintiff filed this action against Defendant.[2]  As relevant here, Plaintiff claimed violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; the Fifth Amendment's Due Process Clause; and state law.  The district court granted summary judgment to Defendant on all federal claims.  The court held that Defendant is not subject to the FDCPA because Defendant is not a "debt collector." The court then held that Defendant is not subject to the Due Process Clause because Defendant is not a state actor. Finally, the district court declined to exercise supplemental jurisdiction over the state-law claims.   Plaintiff timely appealed.

## STANDARDS OF REVIEW

We review de novo the district court's grant of summary judgment, and we may affirm on any ground supported by the record.  *Chemehuevi Indian Tribe v. Newsom*, 919 F.3d 1148, 1150–51 (9th Cir. 2019).  We review for abuse of discretion the district court's decision to decline supplemental jurisdiction. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 911 (9th Cir. 2011).

---

[2]   Plaintiff also named the DOE as a defendant, but the parties dismissed the DOE by stipulation.

DISCUSSION

A. *Fair Debt Collection Practices Act*[3]

The FDCPA "authorizes private civil actions against debt collectors who engage in certain prohibited practices." *Rotkiske v. Klemm*, No. 18-328, slip op. at 1 (U.S. Dec. 10, 2019). Plaintiff seeks statutory damages under § 1692k(a) of the FDCPA. To obtain damages, Plaintiff first must establish that Defendant is a "debt collector." As relevant here, the FDCPA defines a "debt collector" as "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Defendant asserts that it is not a debt collector under that definition. Defendant also argues that, even if it meets that statutory definition, it is not a debt collector because it fulfills the criteria of the fiduciary exception, § 1692a(6)(F).

We hold that Defendant "regularly collects or attempts to collect" debts "asserted to be owed or due another." Nonetheless, we affirm the district court's grant of summary judgment because Defendant's collection activities were "incidental to a bona fide fiduciary obligation." 15 U.S.C. § 1692a(6)(F)(i).

1. *Defendant "regularly" attempts to collect debts "owed" to another.*

In *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718 (2017), the Supreme Court held that a defendant who purchased a defaulted loan and sought to collect the debt was

---

[3] The relevant provisions of the FDCPA are included in Appendix A.

not a "debt collector." The Court explained that, when applying the "regularly collects" definition of "debt collector," "[a]ll that matters is whether the target of the lawsuit regularly seeks to collect debts for its own account or does so for 'another.'" *Id.* at 1721. Because the *Henson* defendant "purchased defaulted debt for its *own* account," the Court held that the defendant was not a "debt collector." *Id.* at 1724 (emphasis added).

Whether a lender in Defendant's position is seeking to collect a debt for its "own account" is a question of first impression in our circuit. To answer that question, *Henson* requires us to focus on who ultimately would receive the payments on the debt being collected. *See, e.g.*, *Infante v. Law Office of Joseph Onwuteaka, P.C.*, 735 F. App'x 839, 842–43 (5th Cir. 2018) (per curiam) (unpublished) (holding that, because a limited liability corporation has a distinct legal identity, a lawyer who was collecting debt on behalf of an LLC that he owned was a debt collector);[4] *Bank of N.Y. Mellon Tr. Co. N.A. v. Henderson*, 862 F.3d 29, 34 (D.C. Cir. 2017) (holding that a bank was not a debt collector because the debt was owed to the bank).

Here, Plaintiff's debt is owed, or asserted to be owed, to the United States. The monies obtained from Plaintiff's Social Security benefits through Treasury offset belong to the Treasury, not to Defendant. Instead, the money moves between federal agencies, and Defendant is notified of the transfers only for record-keeping purposes. And, even if Plaintiff had paid the debt, or part of it, the money would

---

[4] Federal Rule of Appellate Procedure 32.1(a) and United States Court of Appeals for the Fifth Circuit Rule of Appellate Procedure 28.7 permit the citation of unpublished judicial decisions.

constitute property of the United States and would end up in an account owned and controlled by the United States. 20 U.S.C. § 1072(g)(1); 34 C.F.R. § 682.410(a)(1). Though Defendant possesses all right, title, and interest in the judgment against Plaintiff, Defendant was not collecting a debt for its "own account." Instead, Defendant was collecting a debt for the United States.

The record evidences that Defendant "regularly" attempts to collect debts owed, or asserted to be owed, to the United States. Under the applicable agreement, Defendant was obligated to receive accounts like Plaintiff's for a one-year period, and Defendant received a long list of such accounts. *See Garrett v. Derbes*, 110 F.3d 317, 318 (5th Cir. 1997) (per curiam) (holding that "a person who, during a single nine-month period, attempts to collect debts owed another by 639 different individuals 'regularly' attempts to collect debts owed another, and thus is a 'debt collector' under § 1692a(6)").

## 2. *Defendant's collection activity is incidental to a bona fide fiduciary obligation.*

The FDCPA exempts from the definition of debt collector "any person collecting or attempting to collect any debt . . . owed or due another *to the extent such activity . . . is incidental to a bona fide fiduciary obligation*." 15 U.S.C. § 1692a(6)(F) (emphasis added). For the fiduciary exception to apply, Defendant must have a "fiduciary obligation" and Defendant's collection activity must be "incidental to" that fiduciary obligation. *Rowe*, 559 F.3d at 1032. Plaintiff concedes, and we agree, that Defendant owes a fiduciary obligation to the DOE.

The "incidental to" requirement prevents fiduciaries "whose sole or primary function is to collect a debt on behalf of the entity to whom the fiduciary obligation is owed" from escaping FDCPA coverage. *Id.* at 1034. Accordingly, to qualify for the fiduciary exception, Defendant's collection activity "must not be 'central to' [its] fiduciary relationship." *Id.*

In *Rowe*, we reversed the dismissal of a complaint for failure to state a claim under the FDCPA. The plaintiff claimed that the defendant guaranty agency's "*sole* function was to take assignment of the loan from [another agency] and to act as a collection agent." *Id.* at 1035 (emphasis added). We held that, because the *only* role alleged to have been played by the guaranty agency was to collect the debt, the fiduciary exception did not apply. We distinguished between that alleged collection-only activity and cases in which an agency guarantees a loan and then attempts to collect on the loan, holding that the former type of collection activity "is not 'incidental to' [the defendant]'s fiduciary duty to the DOE." *Id.*

This case differs from *Rowe* because Defendant had a broader role than merely collecting a debt. When Defendant took the assignment of Plaintiff's judgment account, Defendant took on all outstanding guaranty obligations. For example, Defendant is obligated to release its judgment against Plaintiff if Plaintiff's debt is consolidated, rehabilitated, or repaid. Defendant also is obligated to maintain records, report to the National Student Loan Database System, and properly administer its operating fund. Those obligations are not illusory, even if Defendant has not had to perform some of them. A fiduciary relationship is not characterized only by what activity has happened to date.

Fiduciary relationships naturally include reasonably foreseeable responsibilities that may arise in the future.[5] DOE's regulations place Defendant on standby should such fiduciary activities become necessary. Accordingly, we conclude that Defendant had a broader fiduciary role with respect to Plaintiff's debt than merely collecting the debt. Therefore, Defendant's collection activity was "incidental to" its fiduciary obligation to the DOE.

## B. *Due Process*

Plaintiff alleges that Defendant violated his procedural due process rights by "arbitrarily and maliciously" garnishing his benefits. Plaintiff seeks a declaratory judgment, injunctive relief, and damages.

To obtain declarative and injunctive relief,[6] Plaintiff must establish: (1) that he suffered a "constitutional deprivation" that was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the [S]tate or by a person for whom the State is responsible," and (2) that "the party charged with the deprivation [is] a person

---

[5] By way of analogy, lawyers owe various fiduciary duties that may be dormant during their representation of clients. For example, lawyers must inform their clients of settlement offers. If an opposing party never tenders a settlement offer, a lawyer cannot apprise the client of an offer. Yet, even if the lawyer has not received a settlement offer, the lawyer has a present fiduciary obligation to the client.

[6] Plaintiff cannot recover damages because Defendant is a private corporation, and actions under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), cannot proceed against private entities. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66, 74 (2001).

who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Here, Plaintiff challenges only the district court's conclusion that Defendant is not a state actor.

Assuming, without deciding, that Defendant is a state actor, we affirm the summary judgment in Defendant's favor because Defendant did not violate Plaintiff's due process rights. Defendant provided Plaintiff with notice of the debt, of Defendant's intention to seek a Treasury offset against Plaintiff's Social Security benefits, and the means by which Plaintiff could respond. *See United States v. Alisal Water Corp.*, 431 F.3d 643, 657 (9th Cir. 2005) ("At its core, due process requires that a party have adequate notice and opportunity to be heard."). The notice was sent to the proper address and was, therefore, "reasonably calculated" to ensure that Plaintiff received it. *Poursina v. U.S. Citizenship & Immigration Servs.*, 936 F.3d 868, 876 (9th Cir. 2019) (quoting *Farhoud v. INS*, 122 F.3d 794, 796 (9th Cir. 1997); *see also Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 318 (1950) ("[W]ithin the limits of practicability notice must be such as is reasonably calculated to reach interested parties."). And Defendant's misstatement, that Plaintiff's debt arose from a single loan worth $8,500 rather than three loans totaling $8,500, does not violate due process. *See Bank of America, NT & SA v. PENGWIN*, 175 F.3d 1109, 1119 (9th Cir. 1999) (holding that a foreclosure notice that stated the wrong location of a vessel and that failed to mention fishing rights did not violate due process because the notice was nonetheless "reasonably calculated" to apprise interested parties of the action and afford them an opportunity to object).

C.  *Supplemental jurisdiction*

Because no federal claims remain, the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Plaintiff's state-law claim.  *See Whalen v. McMullen*, 907 F.3d 1139, 1153 (9th Cir. 2018) (holding that the district court did not abuse its discretion when it declined to exercise supplemental jurisdiction over a state-law claim when the plaintiff's only federal claim was dismissed on summary judgment).

**AFFIRMED.**

# APPENDIX A

Relevant provisions of the FDCPA.

15 U.S.C. § 1692a(6):

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include--
>
> > (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;

(B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;

(C) any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties;

(D) any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt;

(E) any nonprofit organization which, at the request of consumers, performs bona fide consumer credit counseling and assists consumers in the liquidation of their debts by receiving payments from such consumers and distributing such amounts to creditors; and

(F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow

arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 U.S.C. § 1692k(a):

Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--

(1) any actual damage sustained by such person as a result of such failure;

(2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

(B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.