**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JANICE DICKINSON, an individual, | No. 19-55415 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:18-cv-02544-GW-JPR |
| RYAN SEACREST ENTERPRISES INC., a California corporation; SUN PRODUCTIONS, LLC, a Limited Liability Company Erroneously Sued As Suns Productions LLC, | MEMORANDUM[*] |
| Defendants, | |
| and | |
| TRULY ORIGINAL, LLC, a Delaware Limited Liability Company; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding
Submitted June 2, 2020[**]
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: LIPEZ,*** RAWLINSON, and N.R. SMITH, Circuit Judges.

Appellant Janice Dickinson (Dickinson) appeals the district court's dismissal of her Lanham Act and state law claims against Appellees Ryan Seacrest Enterprises Inc., Truly Original, LLC, Sun Productions, LLC, Tess Cannon, NBCUniversal Media, LLC, Erik Rosette, Ryan Seacrest Productions, LLC, and Suns Productions, LLC based on her portrayal in the reality television series, Shahs of Sunset (Shahs). We have jurisdiction under 28 U.S.C. § 1291 and review *de novo* the district court's order of dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019).

When an allegedly infringing use of a mark is an expressive work, we apply the test from *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989), to determine whether the Lanham Act applies. *See Twentieth Century Fox Television v. Empire Distrib., Inc.*, 875 F.3d 1192, 1196 (9th Cir. 2017). Despite Dickinson's contrary arguments, the only requirement for application of *Rogers* is that "the [Appellees] . . . make a threshold legal showing that [their] allegedly infringing use [was] *part* of an expressive work protected by the First Amendment." *Gordon v. Drape*

---

*** The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

*Creative, Inc.*, 909 F.3d 257, 264 (9th Cir. 2018) (emphasis added). Dickinson concedes that "a 'reality' television episode is an 'expressive work.'" Thus, Appellees made the threshold legal showing that the allegedly infringing use of the mark in the Shahs episode was "part of an expressive work protected by the First Amendment." *Id.* Accordingly, we apply the *Rogers* test to ascertain the viability of Dickinson's Lanham Act claims arising out of the episode of Shahs and the related advertisements. *See Empire*, 875 F.3d at 1196-97.

To succeed under the *Rogers* test, the "creator's use of the mark [must be] explicitly misleading as to *source* or *content*." *Gordon*, 909 F.3d at 269 (citation and internal quotation marks omitted) (emphases added). Dickinson argues that the Appellees' use of her mark was explicitly misleading as to source *and* content. We disagree. First, under *Rogers*, we ask whether Dickinson's appearance on an episode of the series would "explicitly mislead consumers" into thinking that Dickinson endorsed or sponsored Shahs—*i.e.*, we consider whether use of the mark "explicitly [misled] consumers" as to the source of the work. *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1245-46 (9th Cir. 2013) (citation, alterations, and internal quotation marks omitted). There must be "an explicit indication, overt claim, or explicit misstatement" that causes consumer confusion. *Id.* at 1245 (citation and internal quotation marks omitted).

3

Dickinson maintains that Appellees exploited her mark to promote the Shahs series by taking advantage of the accumulated goodwill from her career as a supermodel. Dickinson did not allege that the Shahs episode or the promotional materials for that episode contained an explicit representation that Dickinson was an endorser or sponsor of the series. Rather, Dickinson alleged only that she made an appearance on the show. *See id.* (stating that "the mere use of a trademark alone cannot suffice to make such use explicitly misleading") (citation omitted). Thus, Dickinson failed to allege that Appellees' use of the mark is explicitly misleading as to source or sponsorship.

Second, Dickinson argues that Appellees' use of the mark explicitly misleads consumers as to the content of the episode. Dickinson contends the following two alleged false representations act together to deceive consumers into believing the romper controversy actually occurred: (1) that Shahs is unscripted and portrays real-life events; and (2) in the episode, Dickinson stole the romper and had a confrontation with a Shahs cast member related to the romper. Under *Rogers*, the relevant inquiry is not simply whether the content or advertisements are misleading, but whether the Appellees' use of the mark explicitly misleads consumers as to the content of the work. *See id.* at 1239.

Considered individually or collectively, the alleged misrepresentations do not *explicitly* mislead consumers as to the content of the episode. Indeed, as the district court recognized with respect to the first alleged misrepresentation, Dickinson's "mark has no bearing on whether or not Bravo advertises [its] show as a scripted series or reality television." With respect to the second category of misrepresentations, the identified clips and equivocal statements containing the mark accurately portray the content of the episode. Even considered collectively, the alleged misrepresentations do not explicitly mislead consumers but, only *implicitly* suggest that the romper controversy actually occurred. Therefore, because Dickinson's allegation did not state a plausible Lanham Act claim, the district court correctly dismissed the claims predicated on the Lanham Act and the remaining state law claims. *See Lima v. United States Dep't of Educ.*, 947 F.3d 1122, 1128 (9th Cir. 2020) (explaining that the district court may decline to exercise supplemental jurisdiction over state law claims, when no federal claims remain).

**AFFIRMED**.[1]

---

[1] Because our resolution of the Lanham Act claims is dispositive, we need not and do not address any other issues raised by the parties. *See Marder v. Lopez*, 450 F.3d 445, 454 (9th Cir. 2006).