FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 29 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

A. W. CLARK,

Plaintiff-Appellant,

v.

SHIRLEY WEBER, as California Secretary
of State,

Defendant-Appellee.

No.  21-56337

D.C. No.
2:21-cv-06558-MWF-KS

OPINION

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted October 20, 2022
Pasadena, California

Before:  Diarmuid F. O'Scannlain, Paul J. Watford, and Andrew D. Hurwitz,
Circuit Judges.

Opinion by Judge Watford

# SUMMARY[*]

## Civil Rights

The panel affirmed the district court's dismissal for failure to state a claim of an action brought pursuant to 42 U.S.C. § 1983 asserting two federal constitutional challenges to California's recall procedure of certain elected officials.

A California recall ballot typically poses two questions. The first question asks whether the elected official should be removed from office, followed by the option to choose "yes" or "no." If a majority of the voters chooses "yes," the official in question shall be removed from office upon the qualification of his successor. The second question asks voters to choose a successor for the office, in the event the recall vote is successful, from a list of candidates who qualified for the ballot. Under Article II, § 15(c) of the California Constitution, the official subject to recall "may not be a candidate" to succeed himself or herself in the recall election. And if the recall vote is successful, the candidate receiving the most votes on question two will be the successor, even if that candidate wins only a plurality of the vote.

Plaintiff A.W. Clark filed this lawsuit in August 2021 to halt the September 2021 recall election involving California Governor Gavin Newsom, and later amended his complaint to also assert nominal damages. Clark intended to vote "no" on the first question and wanted to vote for Governor Newsom as a successor candidate on the second question. He argued that, absent injunctive relief invalidating Article II, § 15(c), California's recall process would violate his Fourteenth Amendment due process and equal protection rights in two respects: by denying him an equally weighted vote, as required under the "one-person, one-vote" principle; and by denying him the right to vote for his candidate of choice on question two.

The panel first held that this case was not moot even though the election was completed and a majority of voters had defeated the effort to remove Governor Newsom from office. Clark adequately alleged a completed injury—namely, his inability to vote for Governor Newsom on question two during the recall election—

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

that was fairly traceable to the California election procedures; and an award of nominal damages would redress that injury.

The panel held that Clark's two federal constitutional challenges to California's recall procedure were without merit. As for the one-person, one-vote principle, no violation occurred because all voters enjoyed an equal right to vote on both questions, and all votes cast on each question were afforded equal weight. California's recall procedure in effect permits two separate elections to be conducted simultaneously. The first election determines whether the incumbent will be removed from office; the second determines who the incumbent's successor will be. Every vote is weighted equally in each election, and the right to equal representation is not violated simply because the two elections require different vote thresholds or because one election is decided by a plurality vote.

Addressing Clark's second constitutional challenge asserting a violation of his right to vote for the candidate of his choice, the panel held that under controlling precedent, § 15(c)'s prohibition does not constitute a severe restriction on the right to vote. Like the imposition of lifetime term limits upheld in *Bates v. Jones*, 131 F.3d 843 (9th Cir. 1997) (en banc), § 15(c) imposes a neutral restriction on voting that applies across the lines of political affiliation, race, religion, and gender. And like term limits, § 15(c) takes only one candidate option off the table for voters, leaving them with many other options. California has an important interest in ensuring that the power to recall guaranteed to its voters is effective and does not invite an endless cycle of recall attempts. That interest justifies § 15(c)'s relatively minor burden on the right to vote.

---

## COUNSEL

---

Joseph Reichmann (argued), Yagman & Reichmann LLC, Venice Beach, California, for Plaintiff-Appellant.

John D. Echeverria (argued), Deputy Attorney General; P. Patty Li, Supervising Deputy Attorney General; Thomas S. Patterson, Senior Assistant Attorney General; Rob Bonta, Attorney General; Office of the California Attorney General, San Francisco, California; for Defendant-Appellee.

WATFORD, Circuit Judge:

Article II of the California Constitution empowers voters to recall certain elected officials. A recall ballot typically poses two questions. The first question asks whether the official should be removed from office, followed by the option to choose "yes" or "no." Cal. Elec. Code § 11320(a). If a majority of the voters chooses "yes," the official in question "shall be removed from office upon the qualification of his successor." § 11384. The second question asks voters to choose a successor for the office, in the event the recall vote is successful, from a list of candidates who qualified for the ballot. §§ 11322, 11381. Under Article II, § 15(c) of the California Constitution—the key provision at issue here—the official subject to recall "may not be a candidate" to succeed himself or herself in the recall election. Cal. Const. art. II, § 15(c); *see also* Cal. Elec. Code § 11381(c). And if the recall vote is successful, the candidate receiving the most votes on question two will be the successor, even if that candidate wins only a plurality of the vote. Cal. Const. art. II, § 15(c); *see also* Cal. Elec. Code § 11385.

In August 2021, plaintiff A.W. Clark filed this lawsuit under 42 U.S.C. § 1983 to halt the September 2021 recall election involving California Governor Gavin Newsom. Clark intended to vote "no" on the first question of the recall ballot and wanted to vote for Governor Newsom as a successor candidate on the second question. He argued that, absent injunctive relief invalidating Article II,

§ 15(c), California's recall process would violate his Fourteenth Amendment due process and equal protection rights in two respects: by denying him an equally weighted vote, as required under the "one-person, one-vote" principle; and by denying him the right to vote for his candidate of choice on question two.

The district court denied Clark's motion for a preliminary injunction on the ground (among others) that he had not demonstrated a likelihood of success on his claims. Clark immediately appealed that ruling, but this court denied his emergency request for injunctive relief pending resolution of the appeal. The recall election proceeded as scheduled on September 14, 2021, and a majority of the voters answered "no" on question one, thereby defeating the effort to remove Governor Newsom from office.

Completion of the recall election could have mooted this action, as Clark's original complaint sought only prospective relief with respect to the September 2021 gubernatorial recall election. But Clark amended his complaint to add a request for nominal damages, which we presume he asserts against defendant Shirley Weber, California's Secretary of State, in her individual capacity. *See Shoshone-Bannock Tribes v. Fish & Game Commission*, 42 F.3d 1278, 1284 (9th Cir. 1994). Clark has adequately alleged a completed injury—namely, his inability to vote for Governor Newsom on question two during the recall election—that is fairly traceable to the California election procedures he challenges. Because an

award of nominal damages would redress that injury, this case is not moot. *See*

*Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 801–02 (2021).

Following the recall election, Weber moved to dismiss Clark's claims under

Federal Rule of Civil Procedure 12(b)(6). The district court granted the motion,

relying on the same reasoning it had provided earlier when denying Clark's motion

for a preliminary injunction. Clark has again appealed, this time from the final

judgment dismissing his action without leave to amend.

Clark's two federal constitutional challenges to California's recall procedure

are without merit. He first contends that the recall procedure violates the

Fourteenth Amendment's one-person, one-vote principle. *See Evenwel v. Abbott*,

578 U.S. 54, 59 (2016). In Clark's view, voters who support the incumbent get to

cast only one vote (they can vote "no" in response to the first question), whereas

voters who favor the incumbent's removal get to cast two votes (they can vote

"yes" on question one and then choose their preferred successor on question two).

Clark's argument might have merit if voters who answered "no" in response to

question one were barred from voting for a successor candidate on question two.

But that is not the case. All voters have an equal right to answer "yes" or "no" in

response to question one, and regardless of how they vote on that question, they

may then choose to vote for a successor on question two from the list of candidates

who qualified for the ballot. It is true that voters like Clark who wanted Governor

Newsom to remain in office were not able to vote for him as a successor candidate on question two. The inability to do so, however, relates to the right to vote for a candidate of one's choice (an issue we address below). As for the one-person, one-vote principle, no violation occurred because all voters enjoyed an equal right to vote on both questions, and all votes cast on each question were afforded equal weight.

Clark alternatively contends that California's recall procedure violates the one-person, one-vote principle because an incumbent must receive a majority vote in his or her favor on question one to remain in office, whereas a successor may be elected with a mere plurality of the vote on question two. Although Clark frames this as a "dilution" of the votes cast by those who answered "no" on question one, his framing is mistaken. California's recall procedure in effect permits two separate elections to be conducted simultaneously. The first election determines whether the incumbent will be removed from office; the second determines who the incumbent's successor will be. Every vote is weighted equally in each election, and the right to equal representation is not violated simply because the two elections require different vote thresholds or because one election is decided by a plurality vote. *See Rodriguez v. Newsom*, 974 F.3d 998, 1004–05 (9th Cir. 2020) (rejecting a federal constitutional challenge to California's use of a plurality vote to select the slate of electors for President).

Clark's second constitutional challenge asserts a violation of his right to vote for the candidate of his choice, predicated on the fact that Article II, § 15(c) prohibited Governor Newsom from appearing as a successor candidate on question two of the recall ballot. Clark contends that this prohibition constitutes a severe restriction on his right to vote for which California lacks a sufficiently compelling justification. *See Burdick v. Takushi*, 504 U.S. 428, 434 (1992). We find no merit in this argument either.

Under controlling precedent, § 15(c)'s prohibition does not constitute a severe restriction on the right to vote. Most on point is our decision in *Bates v. Jones*, 131 F.3d 843 (9th Cir. 1997) (en banc), which upheld California's imposition of lifetime term limits on state officials. The plaintiffs in that case argued, as Clark does here, that the law unconstitutionally impinged on their right to vote for the candidate of their choice. *Id.* at 847. We rejected that argument, holding that term limits did not amount to a severe restriction on the right to vote because they were "a neutral candidacy qualification, such as age or residence" and made "no distinction on the basis of the content of protected expression, party affiliation, or inherently arbitrary factors such as race, religion, or gender." *Id.*

The restriction challenged here imposes no greater burden on the right to vote than the term limits at issue in *Bates*. Like term limits, § 15(c) imposes a neutral restriction on voting that applies across the lines of political affiliation,

race, religion, and gender. And like term limits, § 15(c) takes only one candidate option off the table for voters, leaving them with many other options. In fact, § 15(c) is arguably less burdensome than term limits because it bars an incumbent from running in just one election while term limits sideline a candidate for good. Together, § 15(c)'s neutrality and relatively minor impact on voters' ability to make themselves heard render it a non-severe burden on voting.

Because § 15(c) imposes only a non-severe burden on the right to vote, it is constitutionally valid so long as California establishes that it serves an important government interest. *See Burdick*, 504 U.S. at 434. California has met its burden by asserting an interest in maintaining the efficacy of its recall procedure. As the district court concluded, "Section 15(c) meets the *Burdick* test by preventing the anomalous result that an officer recalled by a majority would be immediately returned to office by a slim plurality." In other words, California has an important interest in ensuring that the power to recall guaranteed to its voters is effective and does not invite an endless cycle of recall attempts. That interest justifies § 15(c)'s relatively minor burden on the right to vote.

Finally, like the district court, we decline to address a separate argument that Clark advances under state law. He contends that § 15(c) conflicts with California's later-enacted Top Two Candidates Open Primary Act (Proposition 14), which amended Article II, § 5 of the California Constitution to provide for

general elections in which only two candidates for congressional and statewide offices appear on the ballot, thereby ensuring that the winner will be elected by majority vote. Clark construes Proposition 14 as having invalidated the provision of § 15(c) that authorizes the successor candidate in a recall election to be elected by a plurality vote.

The district court did not reach this argument because it properly viewed Clark's contention as one arising under state law rather than presenting an issue of federal constitutional law cognizable under 42 U.S.C. § 1983. Clark did not clearly link his arguments concerning Proposition 14 to any alleged violation of the federal Constitution in either his complaint or the briefing below. We therefore take the district court as having declined to exercise supplemental jurisdiction over what it viewed as a separate state law claim and having dismissed the claim without prejudice. We find no abuse of discretion in the court's refusal to exercise supplemental jurisdiction after it dismissed all of Clark's federal claims with prejudice. *See Lima v. United States Department of Education*, 947 F.3d 1122, 1128 (9th Cir. 2020).

**AFFIRMED.**