NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 14 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERLINDA ABIBAS ANIEL, | No.    22-15896 |
| Plaintiff-Appellant, | D.C. No. 4:21-cv-06071-YGR |
| v. | |
| PHH MORTGAGE CORPORATION, AKA PHH Mortgage Services; WESTERN PROGRESSIVE LLC; OCWEN LOAN SERVICING, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; HSBC BANK USA, NATIONAL ASSOCIATION, As Trustee for Deutesche Alt-A Securities Mortgage Loan Trust Series 2007-OA5 (DALT), | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted September 12, 2023[**]

Before:  BENNETT, SUNG, and H.A. THOMAS, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Erlinda Aniel appeals the dismissal of her claims against PHH Mortgage Corporation; Western Progressive, LLC (Western); Ocwen Loan Servicing, LLC (Ocwen); Mortgage Electronic Registration Systems, Inc.; and HSBC Bank USA, National Association as Trustee for Deutsche Alt-A Securities Mortgage Loan Trust Series 2007-OA5 (HSBC), arising out of Western's attempt to foreclose on Aniel's home.

We have jurisdiction under 28 U.S.C. § 1291. "We review the district court's decision on a motion to dismiss de novo." *Harper v. Nedd*, 71 F.4th 1181, 1184 (9th Cir. 2023). "Factual allegations are accepted as true and pleadings are construed in the light most favorable to the non-moving party." *Id.* "[W]here, as here, a plaintiff proceeds pro se, we must 'construe the pleadings liberally' and 'afford the petitioner the benefit of any doubt.'" *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). "We review for abuse of discretion the district court's decision to decline supplemental jurisdiction." *Lima v. U.S. Dep't of Educ.*, 947 F.3d 1122, 1125 (9th Cir. 2020). We affirm.[1]

1. Two issues are central to Aniel's appeal. The first is whether an IRS Form 1098 Aniel received from Ocwen demonstrates that her loan was fully repaid in 2013. The second is whether a 2016 order by the United States Bankruptcy Court

---

[1] Because the parties are familiar with the facts, we do not recount them here.

for the Southern District of New York established that HSBC does not own the deed of trust encumbering Aniel's home. Issue preclusion bars Aniel from litigating these issues.

Issue preclusion applies where "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Snoqualmie Indian Tribe v. Washington*, 8 F.4th 853, 864 (9th Cir. 2021) (quoting *Janjua v. Neufeld*, 933 F.3d 1061, 1065 (9th Cir. 2019)). These conditions are met with respect to the two issues above. Those issues were fully adjudicated by the United States Bankruptcy Court for the Northern District of California in Aniel's 2019 Chapter 11 bankruptcy case.

Even if the bankruptcy court erred in its assessment of those issues, Aniel is precluded from relitigating them here. *See B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 157–58 (2015) (affirming that "issue preclusion prevent[s] relitigation of wrong decisions just as much as right ones."). And though Aniel's 2019 bankruptcy case was ultimately dismissed, the bankruptcy court dismissed the petition upon Aniel's request; the decisions made in that case therefore continue to have preclusive effect. *Cf. Ringsby Truck Lines, Inc. v. W. Conf. of Teamsters*, 686 F.2d 720, 721 (9th Cir. 1982) (the principle of judicial finality

3

would be undermined if a party dissatisfied with a judgment could relitigate issues simply by destroying her right to appeal that judgment).

2. Aniel argues that because of her Seventh Amendment right to a jury trial, the district court lacked jurisdiction to dismiss Aniel's claims. Aniel also argues that the court abused its discretion by stating that Aniel's husband and son "appear to be indispensable parties" in this case. These arguments are insufficiently developed in Aniel's brief to be cognizable on appeal. *See Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief."); *Hilao v. Est. of Marcos*, 103 F.3d 767, 778 n.4 (9th Cir. 1996). By failing to address the other bases of the district court's dismissal of her federal claims, moreover, Aniel has forfeited argument with respect to them. *See Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018) ("The usual rule is that arguments . . . omitted from the opening brief are deemed forfeited.").

3. The district court dismissed all of Aniel's federal claims without leave to amend. The district court therefore did not abuse its discretion in declining to exercise supplemental jurisdiction over Aniel's remaining state law claims. *See Lima*, 947 F.3d at 1128; *see also Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013) (district court did not abuse its discretion in choosing not to exercise supplemental jurisdiction when the only claim over which it had original

jurisdiction was dismissed at an early stage of the litigation).

**AFFIRMED.**